1 | Andrew M. Unthank (admitted *pro hac vice*)
Email: unthank@wtotrial.com
2 | Laura J. McNabb (admitted *pro hac vice*)
Email: mcnabb@wtotrial.com
3 | WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
4 | Denver, CO 80202-5647
Telephone: 303.244.1800
5 | Facsimile: 303.244.1879

6 | Ashley R. Fickel (237111)
Email: afickel@dykema.com
7 | DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
8 | Los Angeles, California 90071
Telephone: 213.457.1758
9 | Facsimile: 213-457-1850

10 | Attorneys for Defendant Whirlpool Corporation

11

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16 | REGINALD WHITLEY and JOANN WHITLEY, individually, and on behalf of a class of similarly situated individuals, | Case No.: 8:16-cv-1704 CJC (DFM)
Assigned to the Hon. Cormac J. Carney

17 | | 

18 | Plaintiffs, | **DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**

19 | vs. |

20 | WHIRLPOOL CORPORATION, a Delaware corporation |

21 | Defendant. |

22 | | **Hearing**

23 | | Date: March 20, 2017
Time: 1:30 PM
Ctrm: 9B

24 |

25 | | Complaint served: November 18, 2016
Trial date: Not yet set

26

27

28

## **TO THE COURT AND ALL ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 20, 2017, at 1:30 p.m., Defendant Whirlpool Corporation ("Whirlpool" or "Defendant") will bring for hearing this Motion to Dismiss Class Action Complaint, pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6).

The motion is made on the following grounds:

1.  Plaintiffs fail to state claims for breach of implied warranty under either the Song-Berverly Consumer Warranty Act ("SBA") or the Magnuson-Moss Warranty Act ("MMWA") because they do not allege that their oven was unmerchantable within the one-year durational limit, nor do they allege that it was unfit for its ordinary purpose of cooking food. These claims fail as a matter of law and should be dismissed with prejudice.

2.  Plaintiffs fail to state consumer protection claims under California's Consumers Legal Remedies Act ("CLRA") and California's Unfair Competition Law ("UCL") because they do not adequately allege that Whirlpool had pre-sale knowledge of the alleged defect or that Whirlpool had a duty to disclose that defect. Plaintiffs also fail to plead conduct amounting to an "unlawful" or "unfair" business practice under the UCL.

3.  Plaintiffs' unjust-enrichment claim fails because the written warranty that accompanied Plaintiffs' oven governs their relationship with Whirlpool. This claim fails as a matter of law and should be dismissed with prejudice.

This motion is based upon this notice, the attached memorandum of points and authorities, and the Declaration of Paula A. Haines submitted in support of the attached memorandum of points and authorities. This motion is made following Whirlpool's conference with Plaintiffs' counsel pursuant to L.R. 7-3. On December 20, 2016, Whirlpool's counsel emailed to Plaintiffs' counsel a detailed

2

1  summary of arguments Whirlpool contemplated raising in a motion to dismiss and

2  requested dates Plaintiffs' counsel was available to discuss the arguments in further

3  detail. On December 21, 2016, Plaintiffs' counsel responded by email, indicating that

4  they had reviewed Whirlpool's arguments and concluded the complaint was well-pled.

5  Instead of scheduling a further conference, Plaintiffs' counsel requested that the

6  parties agree to a hearing date and a briefing schedule for Whirlpool's motion to

7  dismiss. (*See* Ex. 1.)

8                                    WHEELER TRIGG O'DONNELL LLP

9  Dated:  January 9, 2017

10                    By: */s/ Andrew M. Unthank*
                          Andrew M. Unthank (admitted *pro hac vice*)
11                        Ashley R. Fickel (237111)
                          Laura J. McNabb (admitted *pro hac vice*)
12
                          Attorneys for Defendant,
13                        Defendant Whirlpool Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## TO

# DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION TO DISMISS CLASS ACTION COMPLAINT

| | |
|---|---|
| **From:** | Robert Friedl <Robert.Friedl@capstonelawyers.com> |
| **Sent:** | Wednesday, December 21, 2016 10:35 AM |
| **To:** | McNabb, Laura; Lee Cirsch; Trisha Monesi |
| **Cc:** | Unthank, Andrew; Bowerman, Norah |
| **Subject:** | RE: Whitley v. Whirlpool - conferral re motion to dismiss |

Laura,

Thank you for your summary of the substance of your contemplated motion.  We have considered your arguments and feel that the complaint is well pleaded.   Accordingly, we would like to agree upon a hearing date and briefing schedule.

Thx.

Bob

---

**From:** McNabb, Laura [mailto:McNabb@wtotrial.com]
**Sent:** Tuesday, December 20, 2016 6:12 PM
**To:** Robert Friedl; Lee Cirsch; Trisha Monesi
**Cc:** Unthank, Andrew; Bowerman, Norah
**Subject:** Whitley v. Whirlpool - conferral re motion to dismiss

Robert, Lee, and Trisha,

As we discussed during our last phone call, below please find a summary of the possible arguments Whirlpool may raise in a motion to dismiss. Please let us know if you are available to confer in the afternoon tomorrow (Wednesday) or Thursday.

# I. Implied Warranty Claims Fail

- <u>Durational limit on implied warranties</u>: The written warranty that accompanied Plaintiffs' oven contains a one-year durational limitation on implied warranties. Both of the problems Plaintiffs allege with their oven (i.e., glass breakage, fuse trip) occurred outside of that one-year period. Thus, the Complaint contains no factual allegations that the product was unfit for ordinary purpose within the implied warranty period.

- <u>No notice, opportunity to cure</u>: The Complaint does not allege that Plaintiffs notified Whirlpool of either issue with the oven or that Whirlpool refused to fix the oven. The demand letter sent two weeks before filing the complaint is insufficient to constitute notice. Plaintiffs' allegation that Whirlpool "has been afforded a reasonable opportunity to cure its breach" is a legal conclusion and thus not a well-pled factual allegation.

- <u>Oven was merchantable</u>: Case law establishes that the merchantability is not evaluated at the component level; Plaintiffs' oven was merchantable because Plaintiffs used the oven for its ordinary and intended use—preparing food—for approximately three years (from the time of purchase in September 2013 until the fuse allegedly tripped during the self-clean cycle in July 2016). To the extent Plaintiffs attempt to assert a "particular purpose" claim, Plaintiffs fail to allege what the particular purpose is or that Whirlpool knew about it.

1

- <u>No privity with Whirlpool</u>: The Complaint does not allege facts to create an inference that Plaintiffs were in privity of contract with Whirlpool.

## II. Consumer Protection Claims Fail

- <u>No knowledge</u>: The Complaint does not sufficiently allege Whirlpool's knowledge of the alleged defect at the time Plaintiffs purchased their oven.

- <u>No prohibited conduct</u>: The Complaint fails to sufficiently allege conduct prohibited under either the CLRA or the UCL and to sufficiently allege Whirlpool had a duty to disclose.

## III. Unjust Enrichment Claim Fails

- <u>An express contract governs</u>: The written warranty that accompanied Plaintiffs' oven governs their relationship with Whirlpool, so this quasi-contract unjust-enrichment claim fails.

- <u>Adequate remedy at law</u>: The unjust enrichment claim is based on the same factual allegations that underpin the consumer protection claims, meaning that the unjust enrichment claim fails because Plaintiffs have an adequate remedy at law.

Kindly,
Laura

**Laura J. McNabb | Associate**
**Wheeler Trigg O'Donnell LLP**
370 17th Street | Suite 4500 | Denver CO  80202
P 303.244.1822 | F 303.244.1879
mcnabb@wtotrial.com | wtotrial.com | vCard



2

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................ii

Memorandum of Points and Authorities...................................................................1

Introduction ..............................................................................................................1

Summary of Plaintiffs' Allegations .........................................................................2

Standard of Review...................................................................................................3

Argument ..................................................................................................................3

I.      PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS ...............3

    A.      Plaintiffs Do Not Allege that Their Oven Was Unmerchantable within the One-Year Durational Limit.........................................................4

    B.      Plaintiffs Fail to Plead Facts Suggesting Their Oven Was Unfit for Its Ordinary Purpose of Cooking Food .........................................................5

II.     PLAINTIFFS FAIL TO STATE CONSUMER PROTECTION CLAIMS.........6

    A.      Plaintiffs' CLRA and UCL Claims Fail Because They Do Not Adequately Allege Whirlpool Had Pre-Sale Knowledge of the Defect .....................................................................................................7

        1.      Two TSPs not related to Plaintiffs' oven do not demonstrate Whirlpool's knowledge..............................................................7

        2.      Seven anonymous and unverified online complaints do not demonstrate Whirlpool's knowledge............................................8

        3.      Speculative and vague sources "not available to consumers" do not demonstrate Whirlpool's knowledge....................................9

    B.      Plaintiffs' CLRA Claim and UCL Claim for "Fraudulent" Business Practices Fail Because They Do Not Adequately Allege Whirlpool Had a Duty to Disclose the Defect............................................................10

    C.      Plaintiffs Fail to State a UCL Claim for "Unlawful" or "Unfair" Business Practices ........................................................................................11

III.    PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM BECAUSE THE WRITTEN WARRANTY GOVERNS THEIR RELATIONSHIP WITH WHIRLPOOL ......................................................13

Conclusion ..............................................................................................................14

i

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................3

*Baba v. Hewlett-Packard Co.*,
  No. C 09-05946 RS,
  2011 WL 317650 (N.D. Cal. Jan. 28, 2011)......................................7, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................3

*Berryman v. Merit Prop. Mgmt., Inc.*,
  62 Cal. Rptr. 3d 177 (Cal. Ct. App. 2007)..........................................12

*Burdt v. Whirlpool Corp.*,
  No. C 15-01563 JSW,
  2015 WL 4647929 (N.D. Cal. Aug. 5, 2015)...............................5, 6, 13

*Cal.Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
  114 Cal. Rptr. 2d 109 (Cal. Ct. App. 2001).........................................14

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999)..........................................................................12

*Daugherty v. Am. Honda Motor Co., Inc.*,
  51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2007).....................................10, 12

*Davidson v. Kimberly-Clark Corp.*,
  76 F.Supp.3d 964 (N. D. Cal. 2014)....................................................3, 7

*Elsayed v. Maserati N. Am., Inc.*,
  ___ F.Supp.___, 2016 WL 6091109 (C.D. Cal. Oct. 18, 2016)............12

*Friedman v. Guthy-Renker LLC*,
  No. 2:14-CV-06009-ODW (AGRx),
  2015 WL 857800 (C.D. Cal. Feb. 27, 2015) .......................................14

*Grodzitsky v. Am. Honda Motor Co.*,
  No. 2:12-CV-1142-SVW-PLA, 2013
  WL 2631326 (C.D. Cal. June 12, 2013)...............................................4, 9

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*
  *HDTV Television Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................5

*Kelly v. Beazer Homes USA, Inc.*,
  552 F. App'x 666 (9th Cir. 2014)..........................................................12

*Kent v. Hewlett-Packard Co.*,
  No. 09-5341 JF (PCT),
  2010 WL 2681767, (N.D. Cal. July 6, 2010) ..................................4, 5, 6

ii

*Kirsopp v. Yamaha Motor Co. Ltd.*,
   No. CV14-00496 BRO (VBKx),
   2015 WL 11197829 (C.D. Cal. Jan. 7, 2015)............................................................4

*Luxul Tech. Inc. v. NectarLux, LLC*,
   No. 14-CV-03656-LHK,
   2015 WL 4692571, (N.D. Cal. Aug. 6, 2015) .........................................................13

*Maguca v. Aurora Loan Servs.*,
   No. SACV 09-1086 JVS (ANx),
   2009 WL 3467750 (C.D. Cal. Oct. 28, 2009) .........................................................13

*Missaghi v. Apple Inc.*,
   No. CV-13-02003 GAF(AJWX),
   2013 WL 12114470 (C.D. Cal. Aug. 28, 2013) .......................................................11

*Phillips v. P.F. Chang's China Bistro, Inc.*,
   No. 5:15-CV-0344-RMW,
   2015 WL 4694049 (N.D. Cal. Aug. 6, 2015) ..........................................................14

*Rice v. Sunbeam Prods., Inc.*,
   No. CV 12-7923-CAS-(AJWx),
   2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ................................................................9

*Rutherford Holdings, LLC v. Plaza Del Rey*,
   166 Cal. Rptr. 864 (Cal. Ct. App. 2014)..................................................................13

*Sater v. Chrysler Grp. LLC*,
   No. EDCV 14-00700-VAP (DTBx),
   2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ...........................................................14

*Sharma v. BMW of N. Am. LLC*,
   No. 13-CV-02274-MMC,
   2016 WL 4395470 (N.D. Cal. Aug. 18, 2016) .........................................................10

*Smith v. LG Elecs. U.S.A., Inc.*,
   No. C 13-4361 PJH, 2014 WL 989742, (N.D. Cal. Mar. 11, 2014) ...............passim

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...........................5, 12

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
   83 F. Supp. 3d 855 (N.D. Cal. 2015)..........................................................................6

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
   992 F. Supp. 2d 962 (C.D. Cal. 2014) .....................................................................13

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013)........................4

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010)................................................................4, 12

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .........................................................................7, 9, 10

iii

**OTHER AUTHORITIES**

Cal. Bus. & Prof. Code § 17200 ...................................................................6

Cal. Civ. Code § 1770 .................................................................................6

Cal. Civ. Code § 1791 .................................................................................4

**RULES**

Fed. R. Civ. P. 9 .....................................................................................3, 7

Rule 12 ..................................................................................................3

iv

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3      Plaintiffs allege five claims on behalf of putative nationwide and California

4  classes of consumers who bought any Whirlpool- or KitchenAid-brand built-in wall

5  oven equipped with a high-temperature self-cleaning feature over an undefined period

6  of time ("Subject Ovens"). (ECF No. 1, Compl. ¶¶ 1, 54-55.) Plaintiffs allege that

7  these ovens contain some unspecified design defect that causes the ovens to

8  malfunction during the self-clean cycle and, as a result, to remain locked at the end of

9  the cycle. (*Id.* ¶ 2.) According to Plaintiffs, Whirlpool knew that the Subject Ovens

10  contained a design defect but nonetheless failed to disclose or remedy the defect. (*Id.*

11  ¶¶ 7-8, 11, 13.) Based on these vague and conclusory allegations, Plaintiffs contend

12  that Whirlpool violated the Song-Beverly Consumer Warranty Act ("SBA") (Count

13  3); the Magnuson-Moss Warranty Act ("MMWA") (Count 4); California's Consumers

14  Legal Remedies Act ("CLRA") (Count 1), and California's Unfair Competition Law

15  ("UCL") (Count 2). Plaintiffs further assert a claim for unjust enrichment (Count 5).

16      The Court should dismiss Plaintiffs' Complaint in its entirety for failure to state

17  claims under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

18      <u>First</u>, Plaintiffs fail to state implied-warranty claims under either the SBA or the

19  MMWA because they do not allege that their oven was unmerchantable within the

20  one-year durational limit, nor do they adequately allege that it was unfit for its

21  ordinary purpose of cooking food.

22      <u>Second</u>, Plaintiffs fail to state consumer protection claims because they do not

23  adequately allege that Whirlpool had pre-sale knowledge of the alleged defect, as

24  required under both the CLRA and the UCL. Further, Plaintiffs' CLRA claim and

25  UCL claim for "fraudulent" business practices fail because they do not adequately

26  allege that Whirlpool had a duty to disclose the alleged defect. Finally, Plaintiffs'

27  UCL claim for "unfair" or "unlawful" business practices fails because they do not

28  plead conduct amounting to a prohibited practice.

1

1    <u>Third</u>, Plaintiffs fail to state an unjust enrichment claim because the written

2    warranty that accompanied their oven is a valid contract that defines the parties' rights

3    and obligations.

4    <center>**SUMMARY OF PLAINTIFFS' ALLEGATIONS**</center>

5        On or around September 10, 2013, Plaintiffs purchased an oven from Pacific

6    Sales in Orange County, California. (Compl. ¶ 17.) Plaintiffs' oven, like all of the

7    Subject Ovens, came equipped with a high-temperature self-cleaning cycle. (*Id.* ¶¶ 17-

8    18.) On January 9, 2015—nearly 16 months after buying their oven—Plaintiffs ran the

9    self-clean cycle for the first time. (*Id.* ¶ 23.) During this cycle, the oven's door glass

10   broke. (*Id.* ¶ 24.) The glass was thereafter replaced. (*Id.*)

11       Then, on July 17, 2016—nearly three years after buying their oven—Plaintiffs

12   ran the self-clean cycle for the second time. (*Id.* ¶¶ 24-25.) At some point during this

13   cycle, Plaintiffs discovered that the oven's controls were unresponsive. (*Id.* ¶ 25.)

14   When the cycle completed, the controls remained unresponsive and the oven door

15   remained locked. (*Id.*) Plaintiffs make no allegations about efforts to repair their oven,

16   but they do allege that they "promptly sought out and retained legal counsel." (*Id.*)

17   They filed this putative nationwide class action shortly thereafter.

18       Although Plaintiffs do not allege that they suffered personal injuries or property

19   damage beyond the oven, they nonetheless contend that their oven presents "an

20   unreasonable safety risk." (*See, e.g.*, *id.* ¶¶ 41, 43) Plaintiffs further allege that

21   Whirlpool had "superior and exclusive" knowledge of the alleged defect in their oven

22   prior to their September 2013 purchase. (*Id.* ¶ 44.) They attempt to support this

23   conclusion with two Technical Service Pointers ("TSPs") issued in January 2011 and

24   September 2012 (*id.* ¶¶ 46-47) and a smattering of anonymous online complaints, only

25   seven of which clearly reference a Subject Oven and pre-date Plaintiffs' oven

26   purchase (*id.* ¶ 42 (dd–ff, hh–jj, ll)). They also vaguely speculate that Whirlpool had

27   knowledge of the alleged defect through certain other sources "not available to

28   consumers." (*Id.* ¶ 45.)

<center>2</center>

1

**STANDARD OF REVIEW**

2    Under Rule 12(b)(6), a complaint may be dismissed if it fails to state a claim

3    upon which relief can be granted. "To survive a motion to dismiss, a complaint must

4    contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

5    plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

6    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard asks for

7    "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

8    "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing

9    more than conclusions." *Id.* at 678-79. Thus, to proceed past the pleading stage,

10   Plaintiffs' allegations must rise above mere speculation, suspicion, or unsupported

11   conclusions and must instead show entitlement to relief. *See Twombly*, 550 U.S. at

12   555.

13   Additionally, "[i]n alleging fraud or mistake, a party must state with

14   particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

15   Because Plaintiffs accuse Whirlpool of fraudulent omissions, their CLRA and UCL

16   claims are subject to Rule 9(b)'s heightened pleading standard. *Smith v. LG Elecs.*

17   *U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *11 (N.D. Cal. Mar. 11, 2014);

18   *Davidson v. Kimberly-Clark Corp.*, 76 F.Supp.3d 964, 975-76 (N. D. Cal. 2014).

19   **ARGUMENT**

20   All of Plaintiffs' claims fail, even if the Complaint's well-pleaded facts are

21   accepted as true and construed in the light most favorable to Plaintiffs. The Court

22   should therefore dismiss Plaintiffs' Complaint in its entirety.

23   **I.    PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS**

24   Plaintiffs allege that Whirlpool breached the implied warranty of

25   merchantability under both the SBA and the MMWA.[1] But they do not state

26   _____

27   [1] It is unclear whether Plaintiffs also intend to assert a claim for breach of an
implied warranty of fitness for a particular purpose. (Compl. ¶ 95.) To the extent they
do, that claim must be dismissed because Plaintiffs allege no facts that, if true, show
Plaintiffs bought their oven for a particular purpose or how the purported defect
28   rendered the oven unfit for that unspecified particular purpose. *See, e.g., Smith*, 2014

3

actionable implied-warranty claims for two reasons.[2] <u>First</u>, Plaintiffs do not allege that the problems with their oven manifested within the one-year durational limit. <u>Second</u>, Plaintiffs do not allege that their oven was unfit for its ordinary purpose of cooking food.

### A. Plaintiffs Do Not Allege that Their Oven Was Unmerchantable within the One-Year Durational Limit

Under California law, the duration of an implied warranty of merchantability for new consumer goods is one year if the express warranty that accompanied the goods is one year or more. *See* Cal. Civ. Code § 1791.1(c); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010). The written warranty that accompanied Plaintiffs' oven extends for one year or more. (*See* Decl. of Paula A. Haines, Ex. 1[3]). "Thus, any implied warranties for [Plaintiffs' oven] were valid for a period of no more than one year from the date of purchase." *Smith*, 2014 WL 989742, at *7.

Plaintiffs' implied warranty claims are premised on an alleged defect in their oven that causes it to malfunction during the self-clean cycle. (*See* Compl. ¶¶ 96, 98, 108.) Plaintiffs bought their oven in <u>September 2013</u>. (*Id.* ¶ 17.) However, they did not even attempt to run a self-clean cycle until <u>January 2015</u>—nearly 16 months later. (*Id.* ¶ 23.) Although Plaintiffs claim that they experienced "the defect" during that January 2015 self-clean cycle, and then again during a subsequent cycle in July 2016 (*id.* ¶¶ 23-25), neither incident occurred within a year of their purchase. These are the only self-clean incidents about which Plaintiffs complain. Plaintiffs therefore fail to allege any facts that, if true, show the problems with their oven manifested within the

---

WL 989742, at *7-8; *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF (PCT), 2010 WL 2681767, at *5 (N.D. Cal. July 6, 2010).

[2] The relevant legal standards for Plaintiffs' SBA and MMWA claims do not differ for purposes of the arguments Whirlpool raises here. *See Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *5 (N.D. Cal. June 20, 2013).

[3] The Complaint does not reference or attach the written warranty. This Court can nonetheless consider it under the incorporation by reference doctrine because the warranty's expiration is relevant to Plaintiffs' implied warranty claims and its existence is relevant to Plaintiffs' unjust enrichment claim. *See Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-CV-1142-SVW-PLA, 2013 WL 2631326, at *1 n.2 (C.D. Cal. June 12, 2013); *see also Kirsopp v. Yamaha Motor Co. Ltd.*, No. CV14-00496 BRO (VBKx), 2015 WL 11197829, at *3 (C.D. Cal. Jan. 7, 2015).

4

one-year durational limit. Accordingly, their implied-warranty claims fail as a matter of law and must be dismissed with prejudice.[4] *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1100–01 (S.D. Cal. 2010) (dismissing implied warranty claims with prejudice because plaintiffs did not sufficiently allege that defendant breached an implied warranty within the limitation period).

## B.  Plaintiffs Fail to Plead Facts Suggesting Their Oven Was Unfit for Its Ordinary Purpose of Cooking Food

To succeed on their implied warranty claims, Plaintiffs must establish their oven was unfit "for the ordinary purpose for which such goods are used." *Burdt v. Whirlpool Corp.*, No. C 15-01563 JSW, 2015 WL 4647929, at *5 (N.D. Cal. Aug. 5, 2015) (citation omitted). "The implied warranty of merchantability does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Kent*, 2010 WL 2681767, at *4 (citation omitted). Thus, the "mere manifestation of a defect by itself does not constitute a breach [of] the implied warranty of merchantability." *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009).

Plaintiffs allege no facts suggesting that their oven was unfit for its ordinary purpose of cooking food. *See Burdt*, 2015 WL 4647929, at *6. Plaintiffs used the oven without incident for nearly 16 months before the door glass broke during the first self-clean cycle. The glass was replaced, and then another year-and-a-half passed without incident before the oven door remained locked at the end of the second self-clean cycle. (Compl. ¶¶ 17, 23-25.) The long and uneventful periods of time between self-clean cycles demonstrate that Plaintiffs were able to safely use the oven for its intended purpose of cooking food. Although Plaintiffs allege that their oven has a

---

[4] Plaintiffs' allegation that the defect was "inherent" in their oven "at the time of sale" does not alter this conclusion (Compl. ¶ 39). *See Smith*, 2014 WL 989742, at *7-9, 12 (dismissing with prejudice SBA and MMWA implied warranty claims that were based "on events that occurred more than a year after the date of purchase" notwithstanding plaintiff's allegations that the defect was "latent" and "hidden from consumers who could not have identified the defect").

5

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)

1    defect that occurs during normal operation of the self-clean cycle (*id.* ¶ 2), they do not

2    allege that this defect renders the <u>whole product</u> unfit to cook food. *See T & M Solar*

3    *& Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 878 (N.D. Cal.

4    2015) (explaining that a product is "generally considered merchantable even if certain

5    functions" of the product "do not operate as promised" (quotation marks omitted)).

6    Thus, their implied warranty claims must be dismissed.[5] *See Burdt*, 2015 WL

7    4647929, at *6 (dismissing implied warranty claim where oven roll-out rack slipped

8    off the rack guides and injured plaintiff because she had used the oven for its intended

9    "ordinary purpose of cooking" without incident for 11 months).

10   **II.    PLAINTIFFS FAIL TO STATE CONSUMER PROTECTION CLAIMS**

11       Plaintiffs assert consumer protections claims under both the CLRA and the

12   UCL based on Whirlpool's alleged failure to disclose the "self-clean defect." As

13   relevant here, the CLRA prohibits representing that goods (1) have characteristics

14   which they do not have, and (2) are of a particular standard, quality, or grade, if they

15   are of another. *See* Cal. Civ. Code § 1770(a)(5), (7). The UCL, in turn, proscribes

16   (1) fraudulent, (2) unlawful, or (3) unfair business practices. *See* Cal. Bus. & Prof.

17   Code § 17200.

18       Plaintiffs' CLRA and UCL claims should be dismissed for three reasons. <u>First</u>,

19   both claims fail because they do not adequately allege that Whirlpool had pre-sale

20   knowledge of the alleged defect. <u>Second</u>, the CLRA claim and the UCL claim for

21   "fraudulent" businesses practices fail because they do not adequately allege that

22   Whirlpool had a duty to disclose the alleged defect. <u>Third</u>, Plaintiffs fail to allege facts

23   sufficient to state a UCL claim for "unlawful" or "unfair" business practices.

24

25

26       [5] Plaintiffs' suggestion that the oven remains inoperable following the second
     self-clean cycle does not change this result (Compl. ¶ 25), as Plaintiffs do not allege
27   that they made any attempt to repair the oven, that such a repair attempt would not
     render their oven fit for its ordinary purpose of cooking food, or that they still have the
28   oven but are unable to use it to cook. *Cf. Kent*, 2010 WL 2681767, at *4 (allegations
     of inconvenience insufficient to state claim where product remained usable).

6

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)

### A. Plaintiffs' CLRA and UCL Claims Fail Because They Do Not Adequately Allege Whirlpool Had Pre-Sale Knowledge of the Defect

To plead CLRA and UCL claims based on omissions, Plaintiffs must sufficiently allege that Whirlpool was aware of the "self-clean defect" <u>at the time of sale</u>. *See Smith*, 2014 WL 989742, at *12 (explaining that a defendant's knowledge of the alleged defect "at the time of the sale" is a requirement under both the CLRA and the UCL); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012); *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650, at *3-4 (N.D. Cal. Jan. 28, 2011). Plaintiffs do not plausibly allege—let alone with the particularity required by Rule 9(b)[6]—that Whirlpool had knowledge of the alleged defect at the time of Plaintiffs' September 2013 purchase.

According to Plaintiffs, Whirlpool had "superior and exclusive" knowledge about the "self-clean defect" since January 2000 but nonetheless failed to disclose to them the existence of that defect. (*See, e.g.*, Compl. ¶¶ 40, 44, 50, 66, 72, 79, 83, 86.) To demonstrate this exclusive pre-sale knowledge, Plaintiffs rely on two Technical Service Pointers ("TSPs") issued in January 2011 and September 2012, respectively (*id.* ¶¶ 46-47), online consumer complaints (*id.* ¶ 42), and certain other sources "not available to consumers" (*id.* ¶ 45). None of these can save Plaintiffs' CLRA and UCL claims.

#### 1. Two TSPs not related to Plaintiffs' oven do not demonstrate Whirlpool's knowledge

Plaintiffs do not allege that the two TSPs they identify apply in any way to their oven model or to any of the specific components they allege malfunctioned in their oven.[7] Absent allegations making these connections, Plaintiffs cannot plausibly allege that these TSPs demonstrate Whirlpool's "superior and exclusive knowledge" of any

---

[6] *See Davidson*, 76 F. Supp. 3d at 975-76 (dismissing fraudulent omission CLRA and UCL claims under both Rule 9(b) and Rule 8).

[7] For example, Plaintiffs allege that the September 2012 TSP relates to an issue with an oven's <u>door latch assembly</u> but their own claims are premised on alleged problems with their oven's <u>door glass</u> and <u>power supply</u>. (*Compare id.* ¶ 47, *with id.* ¶¶ 23-25.)

7

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)

alleged defect in <u>their oven or its components</u>. (*See, e.g.*, Compl. ¶¶ 7, 44.) Further, Plaintiffs do not allege that these TSPs—which each identify a specific problem and offer a specific repair solution—contain any information regarding the frequency with which consumers experience the problems identified. Absent such information, the mere existence of two TSPs is insufficient to establish that Whirlpool actually knew that <u>Plaintiffs' oven</u> would experience the problems it did during the self-clean cycle.

2.     Seven anonymous and unverified online complaints do not demonstrate Whirlpool's knowledge

Although Plaintiffs allege that "[c]omplaints from consumers to Whirlpool's social media website, Consumer Reports, and other online complaint forums" demonstrate Whirlpool's knowledge of the "defect," they only specifically identify 38 complaints posted on ConsumerAffairs.com between 2011 and 2016. (*Id.* ¶ 42.) Of these complaints, only <u>seven</u> both clearly reference a Subject Oven and pre-date Plaintiffs' oven purchase. (*Id.* ¶ 42 (dd–ff, hh–jj, ll)). Plaintiffs fail to allege, however, that any of those seven complaints (or any of the remaining 31 complaints alleged) involve the same model as their oven or even the same components found in their oven. (*Id.*) Further, Plaintiffs' reliance on these seven online complaints—which were posted on a publically accessible and widely used consumer website—is an admission that information about the alleged defect was equally available to them prior to their oven purchase. Thus, to the extent Plaintiffs allege that these anonymous and unverified complaints impute pre-sale knowledge of the alleged defect to Whirlpool (*id.* ¶ 42), they certainly impute the same pre-purchase knowledge to Plaintiffs and thus foreclose any inference that Whirlpool had "superior and exclusive" knowledge (*id.* ¶ 44). Finally, even if these online complaints didn't suffer from these obvious shortcomings, seven complaints in the aggregate fall far short of triggering a duty to disclose.

### 3. Speculative and vague sources "not available to consumers" do not demonstrate Whirlpool's knowledge

Plaintiffs' boilerplate allegations that Whirlpool had knowledge of the defect through sources not available to consumers (e.g., pre- and post-release testing, failure rates, replacement parts sales data, and other internal sources of aggregate information (*id.* ¶ 45)) are speculative and vague. Courts routinely reject consumer protection claims founded on similarly vague knowledge allegations. *See, e.g.*, *Wilson*, 668 F.3d at 1147 (finding allegation that defendant "had access to the aggregate information and data regarding the risk of [the defect] [wa]s speculative and d[id] not suggest how any tests or information could have alerted [defendant] to the defect" (quotation marks omitted)); *Rice v. Sunbeam Prods., Inc.*, No. CV 12-7923-CAS-(AJWx), 2013 WL 146270, at *7 (C.D. Cal. Jan. 7, 2013) (dismissing CLRA claim where allegations of knowledge based on unspecified "customer service/warranty service call center records for returns and/or complaints" and "numerous individual letters" were "boilerplate and unsubstantiated by factual detail").

\* \* \*

In sum, Plaintiffs' CLRA and UCL claims fail because two TSPs not related to their oven, seven anonymous and unverified online complaints, and vague testing and other internal records do not create a plausible inference that Whirlpool had pre-sale knowledge of the alleged defect. *See Wilson*, 668 F.3d at 1145-48 (dismissing CLRA and UCL claims where plaintiff alleged knowledge of a defect based on 14 consumer complaints, a prior lawsuit involving the same defect on a different model, and the manufacturer's "access to the aggregate information and data regarding the risk of overheating"); *Grodzitsky*, 2013 WL 690822, at *6-8 (dismissing CLRA and UCL claims because knowledge was not plausibly asserted by references to three manufacturer service bulletins, 10 online complaints, testing data, replacement parts data, dealer reports, and a servicer's statement that the defect was well known and widespread); *Baba*, 2011 WL 317650, at *3-6 (dismissing CLRA and UCL claims for

1  failure to adequately plead defendant's pre-sale knowledge of a defect where

2  Complaint identified 26 internet complaints made prior to plaintiff's purchase). These

3  claims must be dismissed.

4          **B.    Plaintiffs' CLRA Claim and UCL Claim for "Fraudulent" Business Practices Fail Because They Do Not Adequately Allege Whirlpool**

5               **Had a Duty to Disclose the Defect**

6         Plaintiffs do not allege that Whirlpool made any affirmative misrepresentations.

7  Instead, their CLRA and "fraudulent" UCL claims are premised on Whirlpool's

8  alleged failure to fulfill its duty to disclose "the defective nature" of the Subject

9  Ovens.[8] (*See, e.g.*, Compl. ¶¶ 66, 70-72, 79, 83, 86.)

10        To prevail on their fraudulent-omission theory, plaintiffs must adequately plead

11  that Whirlpool had a duty to disclose the "self-clean defect." *See Wilson*, 668 F.3d at

12  1141 ("[A]bsent a duty to disclose, the failure to disclose a defect 'that might, or

13  might not' shorten the useful life of a [product] that 'functions precisely as warranted

14  throughout the term of its express warranty' is not an unfair or fraudulent business

15  practice under the UCL." (quoting *Daugherty*, 51 Cal. Rptr. 3d at 130)). Under

16  California law, manufacturers have a duty to disclose defects that manifest outside the

17  warranty period only if (1) there has been an affirmative misrepresentation, or (2) the

18  defects pose unreasonable safety hazards.[9] *See Gray v. Toyota Motor Sales, U.S.A.,*

19  *Inc.*, 554 F. App'x 608, 609 (9th Cir. 2014); *Sharma v. BMW of N. Am. LLC*, No. 13-

20  CV-02274-MMC, 2016 WL 4395470, at *4-5 (N.D. Cal. Aug. 18, 2016).

21        Plaintiffs do not adequately allege either an affirmative misrepresentation or an

22  unreasonable safety hazard giving rise to a duty to disclose defects that manifest

23  outside of the warranty period. First, the TSPs, which are intended to assist servicers

24  in diagnosing and repairing problems for consumers whose ovens experience an issue

25              [8] An actionable omission "must be contrary to a representation actually made

26  by the defendant, or an omission of fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co., Inc.*, 51 Cal. Rptr. 3d 118, (Cal. Ct. App. 2007).

27  Plaintiffs' frame their claims in terms of the latter option.

28         [9] "A duty to disclose under UCL requires the same showing as a duty to disclose under CLRA." *Smith*, 2014 WL 989742, at *10.

1  during the self-clean cycle, are the only affirmative Whirlpool representations alleged

2  in the Complaint that relate to the cleaning feature. (Compl. ¶¶ 46-47). Plaintiffs,

3  however, have not alleged, and cannot allege, that these TSPs contain any affirmative

4  <u>mis</u>representation about the self-clean feature.

5         Second, Plaintiffs' conclusory safety allegations are not sufficient to permit a

6  plausible inference that their oven poses an unreasonable safety hazard. (*See, e.g.*,

7  Compl. ¶¶ 7, 13, 37, 41-43.) In their most specific safety allegation, Plaintiffs assert

8  that the "self-cleaning defect" causes "unsafe conditions" and "an increased risk of

9  fire" that "present a safety hazard because they severely affect the safe operation of

10 the oven and can lead to <u>burns, smoke inhalation, cuts and house fires</u>." (*Id.* ¶ 41

11 (emphasis added).) Notably, however, Plaintiffs do not allege that they or anyone else

12 was burned or cut, or experienced smoke inhalation or a house fire, as a result of using

13 the self-clean feature on their oven.[10] Although Plaintiffs identify some consumer

14 complaints that allude to such "safety hazards" (*see, e.g.*, *id.* ¶¶ 42 (j, r, ee)), none of

15 these anonymous and unverified complaints provides sufficient factual information to

16 permit an inference that <u>Plaintiffs'</u> model of oven poses an unreasonable safety

17 hazard, *see supra* p. 8. Plaintiffs' conclusory and theoretical allegations that their oven

18 presents a "safety hazard" are insufficient to state a claim under the CLRA or the

19 "fraudulent" prong of the UCL. These claims must be dismissed. *See Missaghi v.*

20 *Apple Inc.*, No. CV-13-02003 GAF(AJWX), 2013 WL 12114470, at *8 (C.D. Cal.

21 Aug. 28, 2013) (dismissing UCL claim where plaintiffs alleged that a design defect in

22 iPhones could prevent users from contacting 911 because this alleged safety hazard

23 was "far too speculative to warrant imposing a duty to disclose").

24     **C.**    **Plaintiffs Fail to State a UCL Claim for "Unlawful" or "Unfair"**
25               **Business Practices**

26        To state an "unlawful" UCL claim, a plaintiff must assert a violation of some

27 other law. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th

---

28      [10] Indeed, Plaintiffs expressly exclude from their purported classes any person
who suffered personal injuries. (*Id.* ¶ 56.)

163, 178-81(1999). Here, Plaintiffs base their "unlawful" UCL theory on alleged violations of the SBA, the MMWA, and the CLRA. (Compl. ¶ 88.) However, Plaintiffs fail to state claims for violations of these predicate laws, as discussed above in Section I and Section II.A-B. Thus, Plaintiffs necessarily fail to state a claim under the "unlawful" prong of the UCL, and that claim must be dismissed. *See, e.g.*, *Kelly v. Beazer Homes USA, Inc.*, 552 F. App'x 666, 668 (9th Cir. 2014) (affirming dismissal of "unlawful" UCL claim where Plaintiffs failed to state a claim for any "predicate violations"); *Daugherty*, 51 Cal. Rptr. 3d at 128 (dismissing "unlawful" UCL claim predicated on violations of the MMWA and the CLRA because the court concluded neither statute was violated).

Their claim under the "unfair" prong of the UCL also requires dismissal. Courts have employed three different standards to determine whether a business practice is "unfair." *See Elsayed v. Maserati N. Am., Inc.*, ___ F.Supp.___, 2016 WL 6091109, at *13 (C.D. Cal. Oct. 18, 2016) (Carney, J.). Assuming *arguendo* that the most lenient standard applies, Plaintiffs can state a claim if they allege sufficient facts to demonstrate a consumer injury that "is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Id.* (quoting *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 186 (Cal. Ct. App. 2007)). Here, Plaintiffs assert that Whirlpool engaged in "unfair" practices, but they make no clear or specific attempt to allege facts that, if true, would satisfy the above standard. (*See generally* Compl. ¶¶ 77-92). This alone requires dismissal.[11] *See Stearns*, 2009 WL 1635931, at *17 (dismissing "unfair" UCL claim because it was not clear from plaintiffs' conclusory allegations whether they actually satisfied the standards

---

[11] To the extent the Complaint contains allegations that conceivably are relevant to establishing "unfair" business practices, those allegations are conclusory and therefore insufficient to state an "unfair" UCL claim. *See Tietsworth*, 720 F. Supp. 2d at 1137 (dismissing "unfair" UCL claim and finding allegations that defendants "knowingly [] market and sell a defective product" insufficient to allege there is no countervailing benefit to consumers).

12

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)

1  necessary to plead an "unfair" business practice); *see also Maguca v. Aurora Loan*

2  *Servs.*, No. SACV 09-1086 JVS (ANx), 2009 WL 3467750, at \*4 (C.D. Cal. Oct. 28,

3  2009) (Carney, J.) (dismissing UCL claim for lack of specificity and emphasizing that

4  a plaintiff "must state with reasonable *particularity* the facts supporting the statutory

5  elements of the violation").

6        Moreover, "[t]he failure to disclose a defect that a manufacturer does not have a

7  duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or

8  fraudulent practice" under the UCL. *Burdt*, 2015 WL 4647929, at \*8. Thus, Plaintiffs'

9  "unfair" claim must be dismissed for the additional reason that Plaintiffs fail to

10 sufficiently allege Whirlpool's pre-sale knowledge of the alleged defect, *supra* p. 7-

11 10. *See Burdt*, 2015 WL 4647929, at \*8 (dismissing "unfair" UCL claim where

12 plaintiff failed to adequately allege facts showing defendant's knowledge of the

13 alleged defect).

14  **III.   PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM**
      **BECAUSE THE WRITTEN WARRANTY GOVERNS THEIR**
15    **RELATIONSHIP WITH WHIRLPOOL**

16       Plaintiffs also assert an unjust enrichment claim, alleging that they conferred an

17 unjust and substantial benefit on Whirlpool as a result of its "failure to disclose known

18 defects" in the Subject Ovens. (Compl. ¶¶ 116-18.) Plaintiffs' unjust enrichment claim

19 fails as a matter of law because the written warranty that accompanied Plaintiffs' oven

20 governs their relationship with Whirlpool.[12]

21       Under California law there is no standalone cause of action for unjust

22 enrichment; thus, where, as here, a plaintiff alleges unjust enrichment, a court may

23 construe those allegations "as a quasi-contract claim seeking restitution." *Rutherford*

24 *Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 864, 872 (Cal. Ct. App. 2014).

25 However, it is well-settled that an action based in quasi-contract "cannot lie where

26 ───────────────
        [12] Because dismissal is warranted as a matter of law, the Court should dismiss
27 Plaintiffs' unjust-enrichment claim with prejudice. *See, e.g., Luxul Tech. Inc. v.*
   *NectarLux, LLC*, No. 14-CV-03656-LHK, 2015 WL 4692571, at \*7 (N.D. Cal. Aug.
28 6, 2015); *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 981
   (C.D. Cal. 2014).

1    there exists between the parties a valid express contract covering the same subject

2    matter." *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-CV-0344-RMW,

3    2015 WL 4694049, at *9 (N.D. Cal. Aug. 6, 2015). Thus, "[w]hen parties have an

4    actual contract covering a subject, a court cannot—not even under the guise of equity

5    jurisprudence—substitute the court's own concepts of fairness regarding that subject

6    in place of the parties' own contract." *Cal.Med. Ass'n, Inc. v. Aetna U.S. Healthcare*

7    *of Cal., Inc.*, 114 Cal. Rptr. 2d 109, 126 (Cal. Ct. App. 2001).

8         Here, the written warranty that accompanied Plaintiffs' oven is a valid contract

9    that establishes the parties' rights and obligations with respect to the subject matter of

10   the unjust-enrichment claim—namely the Plaintiffs' oven. (*See* Haines Decl., Ex. 1.)

11   Because Plaintiffs allege no facts that support a plausible inference to the contrary, the

12   Court should dismiss their unjust enrichment claim.[13] *See, e.g., Friedman v. Guthy-*

13   *Renker LLC*, No. 2:14-CV-06009-ODW (AGRx), 2015 WL 857800, at *8 (C.D. Cal.

14   Feb. 27, 2015) (dismissing quasi-contract claim even though plaintiffs' complaint did

15   not assert a contract claim because it was clear that a contract existed between the

16   parties); *Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP (DTBx), 2015 WL

17   736273, at *14 (C.D. Cal. Feb. 20, 2015) (dismissing unjust enrichment claim without

18   leave to amend where case was "about the terms of a contract," including "the scope

19   of [the manufacturer's] alleged warranties").

20                              **CONCLUSION**

21        For all these reasons, the Court should grant Whirlpool's motion and dismiss

22   Plaintiffs' Complaint in its entirety.

23

24

25

26

27

28   [13] Plaintiffs do not avoid this result by omitting from their Complaint any reference to the written warranty. *See supra* p. 4, n3.

Dated:  January 9, 2017                    WHEELER TRIGG O'DONNELL LLP

                                By: */s/ Andrew M. Unthank*
                                    Andrew M. Unthank (admitted *pro hac vice*)
                                    Ashley R. Fickel (237111)
                                    Laura J. McNabb (admitted *pro hac vice*)

                                    Attorneys for Defendant,
                                    Defendant Whirlpool Corporation

DEFENDANT WHIRLPOOL CORPORATION'S NOTICE OF MOTION AND
MOTION TO DISMISS CLASS ACTION COMPLAINT - CASE NO. 8:16-cv-1704 CJC (DFMx)