Andrew M. Unthank (admitted *pro hac vice*)
Email: unthank@wtotrial.com
Laura J. McNabb (admitted *pro hac vice)*
Email: mcnabb@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879

Ashley R. Fickel (237111)
Email: afickel@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: 213.457.1758
Facsimile: 213-457-1850

Attorneys for Defendant Whirlpool Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD WHITLEY and JOANN WHITLEY, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, a Delaware corporation<br><br>Defendant. | Case No.: 8:16-cv-1704 CJC (DFM)<br><br>**DEFENDANT WHIRLPOOL CORPORATION'S ANSWER, DEFENSES, AND JURY DEMAND** |

Defendant Whirlpool Corporation ("Whirlpool") hereby answers Plaintiffs' Class Action Complaint (the "Complaint"). Except as specifically and expressly admitted, Whirlpool denies each and every allegation in the Complaint.

As an initial matter, Whirlpool states that Plaintiffs and Plaintiffs' counsel lack any good-faith basis for alleging defects in Whirlpool-manufactured ovens that

Plaintiffs do not own and have never owned. Whirlpool will respond only to Plaintiffs' allegations that KitchenAid-brand built-in wall ovens with the high-temperature self-clean feature ("Subject Ovens"), such as model KEBS109BWH00 purchased by Plaintiffs Reginald and Joann Whitely ("Plaintiffs"), are defective. Whirlpool denies that it knew or should have known of the "defects" alleged in the Complaint. Whirlpool denies that the Subject Ovens, or any other of the ovens it manufactures, were or are defective as alleged.

## INTRODUCTION

1. Whirlpool admits that Plaintiffs purport to bring this action to remedy alleged violations of law relating to the Subject Ovens. Whirlpool admits that it manufactures, distributes, and sells to its trade customers, for re-sale to consumers, Subject Ovens. Whirlpool admits that it is a Delaware Corporation. Whirlpool denies the remaining allegations in Paragraph 1, if any.

2. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 2.

3. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 3.

4. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool admits that it issues Technical Service Points ("TSPs") on occasion to drive improvements for consumers by providing updates to the service community to better troubleshoot, diagnose, and repair products in the field. These TSPs provide model- and brand-specific instructions related to specific product performance issues that may be experienced by some consumers. Whirlpool admits that it has issued TSPs that provide model- and brand-specific instructions related to the self-clean cycle in the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 4.

5. Whirlpool admits that the Subject Ovens are equipped with a pyrolytic, or high-temperature, self-clean cycle. Whirlpool also admits that it provides information about the high-temperature self-clean cycle in its Use & Care Guides.

Whirlpool avers that its Use & Care Guides, which accompany the Subject Ovens at the time of manufacture and which may differ depending on the specific oven at issue, speak for themselves, and Whirlpool denies any characterizations inconsistent with those documents. Whirlpool denies the remaining allegations in Paragraph 5.

6. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 6.

7. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool avers that the ovens were designed and tested to comply with various safety requirements, including the requirements set forth in UL 858 that an oven shut down long before it ever reaches temperatures that could pose a risk to consumers. Whirlpool denies the remaining allegations in Paragraph 7.

8. Whirlpool admits that it did not disclose information to Plaintiffs or members of the putative class concerning defects in the Subject Ovens because the Subject Ovens were and are not defective. Whirlpool denies the remaining allegations in Paragraph 8.

9. Whirlpool admits that it issued a TSP 4317445-A in or around January 2011 for Whirlpool-brand and KitchenAid-brand built-in ovens. Whirlpool avers that this document speaks for itself, and Whirlpool denies any allegations inconsistent with this document. Whirlpool denies the remaining allegations in Paragraph 9.

10. Whirlpool admits that it issued a TSP W10540280 in or around September 2012 for KitchenAid-brand wall ovens. Whirlpool avers that this document speaks for itself, and Whirlpool denies any allegations inconsistent with this document. Whirlpool denies the remaining allegations in Paragraph 10.

11. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 11.

12. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 12.

13. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool avers that the ovens were designed and tested to comply with various safety requirements, including the requirements set forth in UL 858 that an oven shut down long before it ever reaches temperatures that could pose a risk to consumers. Whirlpool denies the remaining allegations in Paragraph 13.

14. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 14 concerning Plaintiffs' and the purported class members' subjective beliefs about their hypothetical conduct with respect to the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 14.

15. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 15.

## THE PARTIES

### Plaintiffs Reginald and Joann Whitley

16. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 16.

17. Whirlpool admits that its customer care records indicate that Plaintiffs bought from Pacific Sales, a third-party retailer, a KitchenAid-brand, 30 inch electric single oven with pyrolytic self-clean, engineering model KEBS109BWH00 and serial number D33493349, on or around September 10, 2013. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 17 regarding the date Plaintiffs' oven was delivered and installed in their kitchen. Whirlpool denies the remaining allegations in Paragraph 17, if any.

18. Whirlpool admits that Plaintiffs' oven is equipped with a pyrolytic self-clean feature that works by using high temperature to burn soil to a powdering ash.

Whirlpool further admits that pyrolytic self-clean is referred to in the Use & Care Guide that accompanied Plaintiffs' oven as high-temperature self-clean.

19. Whirlpool denies the allegations of Paragraph 19, and avers that the serial number associated with Plaintiffs' oven indicates that it was manufactured during the 34th week of 2013 in Whirlpool's Cleveland, Tennessee manufacturing division.

20. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 20 regarding Plaintiffs' reasons for purchasing their oven. Whirlpool admits that it manufactured the oven and sold it to a trade customer for resale to a consumer. Whirlpool further admits that it provided a limited written warranty that accompanied Plaintiffs' oven at the time of manufacture. Whirlpool denies the remaining allegations in Paragraph 20.

21. Whirlpool admits that its customer care records indicate that Plaintiffs bought their oven from Pacific Sales, a third-party retailer. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 21.

22. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 22.

23. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool admits that its customer care records indicate that on or around January 3, 2015, Plaintiffs contacted Whirlpool and stated that the glass in their oven door had cracked after a self-clean cycle. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 23 regarding Plaintiffs' use and care of their oven. Whirlpool denies the remaining allegations in Paragraph 23.

24. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool admits that its customer care records indicate that on or around January 3, 2015, Plaintiffs contacted Whirlpool and stated that the glass in their oven door had cracked

after a self-clean cycle. Whirlpool further admits that its consumer care records indicate that Whirlpool preauthorized an out-of-warranty repair for Plaintiffs' oven as a customer-satisfaction measure, that third-party service provider Appliance Rescue Factory replaced the inner glass in Plaintiffs' oven door on or around January 9, 2015, and that Whirlpool paid for the parts and labor related to Appliance Rescue Factory's repair. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 24 regarding Plaintiffs' subjective beliefs about their oven's performance. Whirlpool denies the remaining allegations in Paragraph 24.

25. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 25.

26. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 26.

**<u>Defendant</u>**

27. Whirlpool admits that it is a Delaware corporation with its principal place of business in Michigan at 2000 N. M-63, Benton Harbor, Michigan 49022-2692. Whirlpool admits that it is registered to do business in the State of California. Whirlpool admits that it manufactures, distributes, and sells to its trade customers, for re-sale to consumers, home appliances, including the Subject Ovens, throughout the United States, including California. Whirlpool admits that limited written warranties accompany its products at the time of manufacture. Whirlpool avers that the limited written warranties that accompanied the Subject Ovens at the time of manufacture are written documents that speak for themselves, and Whirlpool denies any characterization inconsistent with these documents. Whirlpool denies the remaining allegations in Paragraph 27.

28. Whirlpool admits that it manufactures, distributes, and sells to its trade customers, for re-sale to consumers, the Subject Ovens throughout the United States, including California. Whirlpool denies the remaining allegations in Paragraph 28.

**JURISDICTION**

29. Whirlpool admits that Plaintiffs purport to bring this action on behalf of themselves and as a putative class action against Whirlpool. Whirlpool denies the remaining allegations in Paragraph 29, if any.

30. Whirlpool admits that this Court has subject-matter jurisdiction over this action under the Class Action Fairness Act because Plaintiffs are citizens of different states from Whirlpool and because this is a putative class action with a claimed amount in controversy exceeding $5,000,000. Whirlpool denies that Plaintiffs can maintain their case on behalf of any class and denies that Plaintiffs are entitled to the claimed damages or equitable relief. Whirlpool denies the remaining allegations in Paragraph 30, if any.

31. Whirlpool admits that it manufactured, distributed, and sold to its trade customer, for re-sale to consumers, the Plaintiffs' oven. Whirlpool admits that this Court has specific personal jurisdiction over it. Whirlpool denies the remaining allegations in Paragraph 31, if any, including the implication that the Court has general personal jurisdiction over Whirlpool based on its contacts with California.

**VENUE**

32. Whirlpool admits that it has distributed, advertised, and marketed some Subject Ovens in California and this judicial district. Whirlpool admits that this Court has specific personal jurisdiction of it and that venue in this Court is proper. Whirlpool denies the remaining allegations in Paragraph 32, including the implication that venue is appropriate on the basis that the Court has general personal jurisdiction over Whirlpool based on its contacts in California.

33. Whirlpool admits that venue in this Court is proper based on the Court having specific personal jurisdiction over Whirlpool. Whirlpool denies the remaining allegations in Paragraph 33, if any.

34. Whirlpool admits that venue in this Court is proper based on the Court having specific personal jurisdiction over Whirlpool. Whirlpool denies the remaining allegations in Paragraph 34, if any.

## FACTUAL ALLEGATIONS

35. Whirlpool admits that it designs, manufactures, distributes, and sells to its trade customers, for re-sale to consumers, the Subject Ovens throughout the United States, including California. Whirlpool denies the remaining allegations in Paragraph 35.

36. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 36.

37. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 37 regarding the individualized and subjective customer expectations for the self-clean feature on the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 37.

38. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 38.

39. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 39.

40. Whirlpool admits that it did not disclose information to Plaintiffs or members of the putative class concerning defects in the Subject Ovens because the Subject Ovens were and are not defective. Whirlpool denies the remaining allegations in Paragraph 40.

41. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool denies the remaining allegations in Paragraph 41.

42. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool denies that consumer comments and complaints posted on Internet websites constitute evidence, or are indicative, of any defect in the Subject Ovens. Whirlpool further denies that such consumer comments and complaints evidence, or are indicative, of safety issues or of Whirlpool's purported knowledge of any defect in the Subject Ovens. Whirlpool further states that for virtually all mass-produced appliances Whirlpool manufactures and distributes, there are some consumers who will post complaints about those appliances on Internet websites, and such complaints are not evidence of any defect in those products. Whirlpool states that it is without information sufficient to form a belief as to the truth of, and on that basis denies, the unverified allegations of Paragraph 42 that purport to recite or incorporate consumer comments or complaints posted on ConsumerAffairs.com. Whirlpool further denies any allegations of any purported comments or complaints that are contradicted by its own customer contact records. Whirlpool denies the remaining allegations in Paragraph 42 and all subparts, if any.

43. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool denies the remaining allegations in Paragraph 43.

44. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 44.

45. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 45.

46. Whirlpool admits that it issued a TSP 4317445-A in or around January 2011 for Whirlpool-brand and KitchenAid-brand built-in ovens. Whirlpool avers that this document speaks for itself, and Whirlpool denies any characterization that is inconsistent with that document. Whirlpool denies the remaining allegations in Paragraph 46.

47. Whirlpool admits that it issued a TSP W10540280 in or around September 2012 for KitchenAid-brand wall ovens. Whirlpool avers that this document speaks for itself, and Whirlpool denies any characterization that is inconsistent with that document. Whirlpool denies the remaining allegations in Paragraph 47.

48. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 48 concerning Plaintiffs' and the purported class members' subjective beliefs about their hypothetical conduct with respect to the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 48.

49. Whirlpool denies that the Subject Ovens were or are defective or that they posed or pose an unreasonable safety hazard. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 49 concerning Plaintiffs' and the purported class members' subjective expectations. Whirlpool denies the remaining allegations in Paragraph 49.

50. Whirlpool admits that it did not disclose information to Plaintiffs or members of the putative class concerning defects in the Subject Ovens because the Subject Ovens were and are not defective, and did not and do not pose an unreasonable safety hazard. Whirlpool denies the remaining allegations in Paragraph 50, including subparts.

51. Whirlpool denies that the Subject Ovens were or are defective or that Whirlpool "was inundated with complaints" regarding the self-clean feature on Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 51.

52. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 52 concerning Plaintiffs' and the purported class members' individual repair experiences. Whirlpool denies the remaining allegations in Paragraph 52.

53. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 53.

## CLASS ACTION ALLEGATIONS

54. Whirlpool admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23. Whirlpool denies that Plaintiffs' action is properly maintainable as a class action. Whirlpool denies that Plaintiffs can satisfy the requirements of Rule 23(a), 23(b)(2), 23(b)(3), or 23(c)(4). Whirlpool further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority.

55. Whirlpool admits that Plaintiffs purport to bring this action on behalf of a Nationwide Class, a California Subclass, a CLRA Subclass, and an Implied Warranty Subclass. Whirlpool avers that these class definitions are vague and overbroad.

56. Whirlpool admits that Plaintiffs purport to exclude from their class definitions four categories of persons and entities. Whirlpool avers that Plaintiffs' reservation of rights in Paragraph 56 is a legal conclusion to which no response is required.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent Paragraph 57 contains allegations that require a response, Whirlpool denies those allegations.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent Paragraph 58 contains allegations that require a response, Whirlpool denies those allegations.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent Paragraph 59 contains allegations that require a response, Whirlpool denies those allegations, including all subparts.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent Paragraph 60 contains allegations that require a response, Whirlpool denies those allegations.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent Paragraph 61 contains allegations that require a response, Whirlpool denies those allegations.

**FIRST CAUSE OF ACTION**

**(Violation of California's Consumers Legal Remedies Act,**
**California Civil Code § 1750, *et seq.*)**

62. Whirlpool answers Paragraph 62 by referring to, and incorporating by reference, its answers to Paragraphs 1 through 61 above.

63. Whirlpool admits that Plaintiffs purport to bring this cause of action on behalf of themselves and on behalf of the CLRA Subclass. Whirlpool denies the remaining allegations in Paragraph 63, if any.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent Paragraph 64 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provision alleged in Paragraph 64 speaks for itself, and Whirlpool denies any allegations in Paragraph 64 that contradict that statute.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent Paragraph 65 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provision alleged in Paragraph 65 speaks for itself, and Whirlpool denies any allegations in Paragraph 65 that contradict that statute.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent Paragraph 66 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provisions alleged in Paragraph 66 speak for themselves, and Whirlpool denies any allegations in Paragraph 66 that contradict those statutes.

67. Whirlpool denies the allegations in Paragraph 67.

68. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 68.

69. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 69.

70. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 70, including subparts.

71. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 71.

72. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 72 concerning Plaintiffs' and the purported class members' subjective beliefs about their hypothetical conduct with respect to the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 72.

73. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 73 concerning Plaintiffs' and the purported class members' subjective expectations about the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 73.

74. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 74 concerning Plaintiffs' and the purported class members' subjective experiences with the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 74.

75. Whirlpool admits that Plaintiffs seek equitable relief on behalf of themselves and the CLRA Subclass. Whirlpool denies that Plaintiffs or the CLRA Subclass are entitled to any relief.

76. Whirlpool admits that Plaintiffs sent to it a pre-litigation demand letter dated August 23, 2016. Whirlpool avers that this document speaks for itself, and Whirlpool denies any characterization that is inconsistent with that document. Whirlpool admits that Plaintiffs seek monetary, compensatory, and punitive damages

on behalf of themselves and the CLRA Subclass. Whirlpool denies that Plaintiffs or the CLRA Subclass are entitled to any relief. Whirlpool denies the remaining allegations in Paragraph 76, if any.

**SECOND CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, *et seq.*)**

77. Whirlpool answers Paragraph 77 by referring to, and incorporating by reference, its answers to Paragraphs 1 through 76 above.

78. Whirlpool admits that Plaintiffs purport to bring this cause of action on behalf of themselves and on behalf of the California Subclass. Whirlpool denies the remaining allegations in Paragraph 78, if any.

79. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 79.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent Paragraph 80 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provision alleged in Paragraph 80 speaks for itself, and Whirlpool denies any allegations in Paragraph 80 that contradict that statute.

81. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 81 concerning Plaintiffs' and the purported class members' subjective expectations about the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 81.

82. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 82.

83. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 83.

84. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 84, including subparts.

85. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 85 concerning Plaintiffs' and the purported class members' subjective beliefs about their hypothetical conduct with respect to the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 85.

86. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the allegations in Paragraph 86.

87. Whirlpool denies the allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent Paragraph 88 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provisions alleged in Paragraph 88 speak for themselves, and Whirlpool denies any allegations in Paragraph 88 that contradict those statutes.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent Paragraph 89 contains allegations that require a response, Whirlpool denies those allegations.

90. Whirlpool denies the allegations in Paragraph 90.

91. Whirlpool denies the allegations in Paragraph 91.

92. Whirlpool admits that Plaintiffs seek restitution on behalf of themselves and the California Subclass. Whirlpool denies that Plaintiffs or the California Subclass are entitled to any relief. Whirlpool denies any remaining allegations in Paragraph 92. Whirlpool avers that the statutory provisions alleged in Paragraph 92 speak for themselves, and Whirlpool denies any allegations in Paragraph 92 that contradict those statutes.

**<u>THIRD CAUSE OF ACTION</u>**

**(Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*)**

93. Whirlpool answers Paragraph 93 by referring to, and incorporating by reference, its answers to Paragraphs 1 through 92 above.

94. Whirlpool admits that Plaintiffs purport to bring this cause of action on behalf of themselves and on behalf of the Implied Warranty Subclass. Whirlpool denies the remaining allegations in Paragraph 94, if any.

95. Whirlpool admits that it manufactures, distributes, and sells to its trade customers, for re-sale to consumers, the Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 95.

96. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 96.

97. Whirlpool denies the allegations in Paragraph 97, including subparts.

98. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 98.

99. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 99.

100. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent Paragraph 101 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provisions alleged in Paragraph 101 speak for themselves, and Whirlpool denies any allegations in Paragraph 101 that contradict those statutes.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty Under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 *et seq.*)**

102. Whirlpool answers Paragraph 102 by referring to, and incorporating by reference, its answers to Paragraphs 1 through 101 above.

103. Whirlpool admits that Plaintiffs purport to bring this cause of action on behalf of themselves, the Nationwide Class, and in the alternative, the California Subclass. Whirlpool denies the remaining allegations in Paragraph 103, if any.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent Paragraph 104 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provision alleged in Paragraph 104 speaks for itself, and Whirlpool denies any allegations in Paragraph 104 that contradict that statute.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent Paragraph 105 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provision alleged in Paragraph 105 speaks for itself, and Whirlpool denies any allegations in Paragraph 105 that contradict that statute.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent Paragraph 106 contains allegations that require a response, Whirlpool denies those allegations. Whirlpool avers that the statutory provisions alleged in Paragraph 106 speak for themselves, and Whirlpool denies any allegations in Paragraph 106 that contradict those statutes.

107. Whirlpool denies the allegations in Paragraph 107.

108. Whirlpool denies that the Subject Ovens were or are defective. Whirlpool denies the remaining allegations in Paragraph 108.

109. Whirlpool denies the allegations in Paragraph 109.

110. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 110.

111. Whirlpool is without information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 111 concerning Plaintiffs' and putative class members' individual efforts to communicate with Whirlpool about their Subject Ovens. Whirlpool denies the remaining allegations in Paragraph 111.

112. Whirlpool admits that Plaintiffs seek actual damages, consequential damages, specific performance, diminution in value, costs, attorney's fees, and other relief on behalf of themselves, the Nationwide Class, and in the alternative, the California Subclass. Whirlpool denies that Plaintiffs, the Nationwide Class, or the California Subclass are entitled to any relief. Whirlpool denies the remaining allegations in Paragraph 112.

113. Whirlpool denies the allegations in Paragraph 113.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment)

114. Whirlpool answers Paragraph 114 by referring to, and incorporating by reference, its answers to Paragraphs 1 through 113 above.

115. Because Plaintiffs' Fifth Cause of Action has been dismissed with prejudice, no response is required.

116. Because Plaintiffs' Fifth Cause of Action has been dismissed with prejudice, no response is required.

117. Because Plaintiffs' Fifth Cause of Action has been dismissed with prejudice, no response is required.

118. Because Plaintiffs' Fifth Cause of Action has been dismissed with prejudice, no response is required.

119. Because Plaintiffs' Fifth Cause of Action has been dismissed with prejudice, no response is required

**RELIEF REQUESTED**

120. Whirlpool denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including subparts, or in the Complaint.

**WHIRLPOOL'S DEFENSES**

The following defenses are set forth for the purpose of providing Plaintiffs notice of those defenses Whirlpool may assert against their claims for relief and are detailed here without regard to the party that bears the burden of proof or persuasion on any particular defense.

**FIRST DEFENSE**

1. Whirlpool designates all of its denials of material allegations, and all of its averments of material facts, as defenses to the extent necessary to provide a complete defense.

**SECOND DEFENSE**

2. Plaintiffs' Complaint fails to allege facts sufficient to state claims for which relief can be granted.

**THIRD DEFENSE**

3. The Complaint does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and therefore the putative class claims should be dismissed.

**FOURTH DEFENSE**

4. Upon information and belief, Plaintiffs and members of the putative class have not suffered any damages or any injury in fact.

**FIFTH DEFENSE**

5. Whirlpool asserts that the Subject Ovens have not been shown to have any alleged defect in design, manufacturing, material, or workmanship.

**SIXTH DEFENSE**

6. In the alternative to the Fifth Defense, Whirlpool did not know and should not reasonably have known of any alleged defect in design, manufacturing, material, or workmanship at the time the Subject Ovens were manufactured and sold.

**SEVENTH DEFENSE**

7. Whirlpool's actions have not caused Plaintiffs or putative class members any damages or injury in fact.

**EIGHTH DEFENSE**

8. Upon information and belief, Plaintiffs and putative class members have not relied to their detriment on any representation or statement that they may contend to be untrue or misleading.

**NINTH DEFENSE**

9. Upon information and belief, before purchasing the Subject Ovens, not all Plaintiffs and putative class members were exposed to or deceived by any representations or statements that they may contend to be untrue or misleading.

**TENTH DEFENSE**

10. Plaintiffs and members of the putative class have failed to mitigate their damages, if any.

**ELEVENTH DEFENSE**

11. Plaintiffs' claims, and those of members of the putative class, are barred, in whole or in part, by the defenses of estoppel, laches, and waiver.

**TWELFTH DEFENSE**

12. Subject to discovery, Plaintiffs' claims may be barred by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

13. Upon information and belief, any damages sustained by Plaintiffs were proximately caused and occasioned by the actions and omissions of Plaintiffs or others, and these acts and omissions were the sole causes of Plaintiffs' alleged

damages. Therefore, Whirlpool pleads independent, intervening, or superseding acts and omissions of Plaintiffs and others as a complete bar to this action.

**FOURTEENTH DEFENSE**

14. Any alleged damages were caused by and arose out of risks known to and assumed by Plaintiffs and members of the putative class.

**FIFTEENTH DEFENSE**

15. At least some of the putative class claims alleged in the Complaint are barred, in whole or in part, by applicable statutes of limitations or repose.

**SIXTEENTH DEFENSE**

16. Plaintiffs and members of the putative class failed to afford Whirlpool and the immediate seller adequate pre-suit notice of an alleged breach of any implied warranty.

**SEVENTEENTH DEFENSE**

17. Plaintiffs and members of the putative class failed to afford Whirlpool a reasonable opportunity to cure the alleged breach of implied warranties.

**EIGHTEENTH DEFENSE**

18. Plaintiffs failed to inform Whirlpool they were acting on behalf of a class while providing Whirlpool a reasonable opportunity to cure the alleged breach of implied warranties, as required by the Magnuson Moss Federal Warranty Act, 15 U.S.C.A. § 2310(e).

**NINETEENTH DEFENSE**

19. Plaintiffs and members of the putative class are not in privity of contract with Whirlpool as required to state a claim for breach of implied warranty under the state law of California and other States where putative class members may reside and the Magnusson Moss Federal Warranty Act, which borrows state law.

**TWENTIETH DEFENSE**

20. Plaintiffs' claims, and those of the putative class members, are or may be barred by a valid accord and satisfaction or other settlement, including an offer and acceptance of complete relief, reached with Whirlpool.

**TWENTY-FIRST DEFENSE**

21. The Subject Ovens were covered by written warranties that Plaintiffs and putative class members accepted, that are limited in scope and time, and that do not cover the acts, omissions, or other matters complained of by Plaintiffs. Plaintiffs and putative class members accepted these limited warranties in lieu of any other warranty or representation, express or implied. Therefore, Whirlpool pleads the written warranties are a complete bar to Plaintiffs' and the putative class members' claims.

**TWENTY-SECOND DEFENSE**

22. Plaintiffs' claims, and those of the putative class members, including, without limitation, their breach of warranty and consumer protection claims, are or may be barred, in whole or part, because the damages alleged may have resulted from a substantial change in or improper installation, maintenance, abnormal use, misuse, or care of their ovens.

**TWENTY-THIRD DEFENSE**

23. Plaintiffs and members of the putative class failed to afford Whirlpool and the affected State with the notice and demand required by certain State's statutory consumer protection statutes

**TWENTY-FOURTH DEFENSE**

24. The Complaint may be barred, in whole or in part, by the preemptive effect of federal law.

**TWENTY-FIFTH DEFENSE**

25. Plaintiffs' claims are barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the Seventh Amendment's guarantee of a jury trial under the United States Constitution to the

extent that Plaintiffs seek to extrapolate liability, causation, or damages on a class-wide basis, instead of proving liability, causation, and damages for each individual class member.

**TWENTY-SIXTH DEFENSE**

26. The recovery of Plaintiffs and members of the putative class may be barred or limited by the negligence of any nonparties at fault pursuant to statute and common law of each State.

**TWENTY-SEVENTH DEFENSE**

27. The Complaint and each of its causes of action are barred or limited, or recovery should be reduced, by the negligence or fault of Plaintiffs and members of the putative class, pursuant to the doctrine of comparative negligence or fault.

**TWENTY-EIGHTH DEFENSE**

28. The Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 9(b), requiring a plaintiff to state with particularity the circumstances constituting fraud.

**TWENTY-NINTH DEFENSE**

29. The product in question is free from defect by virtue of Whirlpool's compliance with industry standards, the state of the art, and any applicable government codes, standards, or regulations.

**THIRTIETH DEFENSE**

30. Whirlpool avers that the Subject Ovens alleged to be of its manufacture were not in the same, or substantially the same, condition at the time of any alleged malfunction as at the time of manufacture and sale.

**THIRTY-FIRST DEFENSE**

31. To the extent Plaintiffs or members of the putative class seek punitive or exemplary damages, the Complaint fails to state a claim for punitive damages under the pleading standards of each State.

**THIRTY-SECOND DEFENSE**

32. To the extent any part of the Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages, any such claim cannot be maintained unless the trial is bifurcated. Any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Whirlpool's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the constitutions, common law, and public policies of California and of other states that are interested in the subject matter of this lawsuit.

**THIRTY-THIRD DEFENSE**

33. To the extent any part of the Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages, such a claim for punitive damages cannot be sustained, because an award of punitive damages under any state's laws that is not subject to a predetermined limit on the amount of punitive damages that a jury may impose, such as a maximum multiple of compensatory damages or a maximum amount, would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, Article 1, the Constitution of California, and the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, and of other states that are interested in the subject matter of this lawsuit.

**THIRTY-FOURTH DEFENSE**

34. Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (a) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (b) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously

discriminatory characteristics, including the residence, wealth, and corporate status of Whirlpool; (d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (e) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate due process and equal protection rights belonging to Whirlpool and guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, the Constitution of California, and by the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, and other states that are interested in the subject matter of this lawsuit.

**THIRTY-FIFTH DEFENSE**

35. Any award of punitive damages based on anything other than the conduct of Whirlpool in connection with the sale of the product that is the subject of Plaintiffs' claims would violate the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, the Constitution of California, and the constitutions of other states that are interested in the subject matter of this lawsuit, and would be improper under the common law and public policies of California, and of other states that are interested in the subject matter of this lawsuit, because any other judgment for punitive damages in this case cannot protect Whirlpool against impermissible multiple punishment for the same wrong and punishment for extra-territorial conduct in jurisdictions where the conduct is legally proper. In addition, any such award would violate the Commerce Clause of the U.S. Constitution and principles of comity under the laws of California, and of other states.

**THIRTY-SIXTH DEFENSE**

36. The Complaint may be barred, in whole or in part, due to Plaintiffs' spoliation of evidence.

**THIRTY-SEVENTH DEFENSE**

37. California Plaintiffs' claims may be barred, in whole or in part, pursuant to California Civil Code § 1784 in that the alleged conduct was not intentional and constituted a bona fide error, if any, notwithstanding Whirlpool's adoption of reasonable procedures and in that Whirlpool has made (or will make) an appropriate correction, repair, or replacement in compliance with Civil Code § 1782 for those consumers who have presented or will present a legitimate claim

**THIRTY-EIGHTH DEFENSE**

37. Whirlpool reserves the right to add or abandon defenses as additional facts become known through the course of discovery and further investigation.

**JURY DEMAND**

Whirlpool demands a trial by jury on all issues so triable.

Dated: March 30, 2017

WHEELER TRIGG O'DONNELL LLP

By: */s/ Andrew M. Unthank*
Ashley R. Fickel (237111)
Andrew M. Unthank (admitted *pro hac vice*)
Laura J. McNabb (admitted *pro hac vice)*

Attorneys for Defendant,
Defendant Whirlpool Corporation